UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 0:97-CR-00509-MORENO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LEONCIO PEREZ,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT

THIS CAUSE came before the Court upon Defendant's Motion to Reduce Sentence Pursuant to the First Step Act. THE COURT has considered the motion, the response, the reply, the pertinent portions of the record, the notice of supplemental authority, and being otherwise fully advised in the premises, it is **ADJUDGED** that for the reasons below, the motion is **DENIED**.

## I. BACKGROUND

On July 2, 1997, a federal grand jury returned a two-count indictment charging Defendant Leoncio Perez and another co-defendant with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine (count one), and possession with intent to distribute a detectable amount of cocaine (count two). Months later, the United States filed a Notice of Enhancement, notifying the Defendant of its intent to rely on his multiple prior drug felony convictions in order to seek an enhanced sentence under 21 U.S.C. § 851(a)(1).

The case proceeded to trial, where a jury found Defendant guilty of both counts charged in the indictment. Prior to sentencing, the United States Probation Office prepared a Presentence

Investigation Report which calculated the Defendant's offense level at 36, based upon a determination that Defendant was responsible for possessing 616.4 grams of crack cocaine and 8.8 grams of cocaine hydrochloride power. But, because the Defendant was a career offender, his offense level increased to 37 in accordance with U.S.S.G. § 4B1.1. Based on a total offense level of 37 and criminal history category of VI, the applicable guideline imprisonment range would have been 360 months to life imprisonment. However, given the amount of crack cocaine Defendant possessed, and his prior felony drug convictions, Defendant was subject to a mandatory minimum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) (1998).

On April 7, 1998, the Court imposed concurrent life sentences for each count, followed by concurrent ten-year sentences of supervised release. Defendant later appealed his sentence, but the Eleventh Circuit affirmed it, writing in relevant part that "[t]he court's drug quantity calculation was not clearly erroneous, and in any event the evidence was sufficient to support the application of mandatory life sentence provision of 21 U.S.C. § 841(b)(1)(A)."

## II. ANALYSIS

Now, more than twenty years after receiving his sentence, Defendant moves to reduce it pursuant to section 404(b) of the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194 (hereinafter "First Step Act"). The First Step Act retroactively applies the Fair Sentencing Act of 2010. Pub. L. No. 111-220, 124 Stat. 2372 (hereinafter 'Fair Sentencing Act"). Congress originally passed the Fair Sentencing Act to reduce the sentencing disparity in the treatment of crack cocaine and pure cocaine offenses, from 100-to-1 to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260, 268 (2012); *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013).

Under section 404(b) of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant . . . impose a reduced

2

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."[1] First Step Act § 404(b). Relevant here, section 2 of the Fair Sentencing Act increased the threshold amount of crack cocaine a defendant must possess to receive a mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A)(iii)—from 50 grams or more to 280 grams or more. Fair Sentencing Act § 2. Also relevant here, the First Step Act narrowed the range of prior drug convictions that trigger a mandatory penalty under 21 U.S.C. § 841(b)(1)(A)—from a "felony drug offense" to a "serious drug felony."[2] First Step Act § 401(a)(1). The act also changed the mandatory minimum penalty for career offenders who had two or more such prior convictions—from life to twenty-five years' imprisonment. *Id.*

In his motion, Defendant contends that had section 2 of the Fair Sentencing Act been in effect at the time of his sentencing in 1998, he would not be facing life imprisonment. Instead, assuming he possessed the full quantity of crack cocaine alleged in the Presentence Investigation Report (616.4 grams), his statutory guideline range would be twenty years to life, with a guideline range of 360 months to life as a career offender. And, Defendant argues his sentence should be even lower following *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[3] Since the indictment did not specify the amount of crack cocaine Defendant possessed, he should now be sentenced under 21 U.S.C. § 841(b)(1)(C) instead of 21 U.S.C. § 841(b)(1)(A). Under the new sentencing statute, his guideline range would be even lower, 262-327 months as a career offender.

---

[1] A covered offense "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." First Step Act § 404(a) (citation omitted).

[2] A "serious drug felony" means "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." First Step Act § 401(a)(1); 21 U.S.C. § 802(57).

[3] The Supreme Court in *Apprendi* held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *See also Alleyne v. United States*, 570 U.S. 99, 103 (2013) (concluding "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.").

After reviewing the latest First Step Act landscape, the Court finds that Defendant's arguments are foreclosed by *United States v. Means*, 787 F. App'x 999 (11th Cir. 2019) (unpublished). There, the Eleventh Circuit affirmed a district court's decision to deny a First Step Act motion. *Id.* at 1000. First, the Eleventh Circuit explained that while section 2 of the Fair Sentencing Act did increase the amount of crack cocaine necessary to receive a sentence under 21 U.S.C. § 841(b)(1)(A), if a defendant possesses a quantity of crack cocaine still greater than the modified amount, the sentence is the same. *Id.* at 1001. Thus, because the defendant in *Means* had been attributed with over five kilograms of cocaine, far in excess of the new 250-gram threshold, the district court rightfully denied the First Step Act motion. *Id.* The Eleventh Circuit wrote: "The First Step Act's changes to the triggering quantities of cocaine for the imposition of the mandatory sentencing scheme under § 841 do not impact Means's sentence because he was attributed with over five kilograms of cocaine, far in excess of the new 280-gram triggering amount." *Id. See also United States v. Brown*, No. 2:06-cr-99-FtM-29SPC, 2019 WL 6001890, at *3 (M.D. Fla. Nov. 14, 2019) (denying First Step Act motion because "the amount of cocaine base defendant possessed qualified for the enhanced statutory penalty even after the amendments in the FSA of 2010 increased the triggering amount to 28 grams.").

The same is true here. The Court attributed the Defendant with 616.4 grams of crack cocaine, far greater than the revised 250-gram threshold, and the Eleventh Circuit affirmed the amount on appeal. Thus, even applying section 2 of the Fair Sentencing Act, Defendant's sentence would be the same under 21 U.S.C. § 841(b)(1)(A). Furthermore, his argument that *Apprendi* reduces his sentence is unfounded, as the Eleventh Circuit in *Means* decided to not apply that case retroactively. A review of the docket in *Means* confirms that the trial judge, not jury, attributed the defendant with over five kilograms of crack cocaine during sentencing—in violation of

4

*Apprendi*.[4] Still, the Eleventh Circuit found no issue, writing that the First Step Act did not change the process by which a court sentences a defendant: "the First Step Act modified only the relevant drug quantities for triggering the mandatory sentencing scheme in § 841, but did not modify the process by which the district court imposes a sentence, including its ability to determine the quantity of drugs attributable to a defendant for sentencing purposes." *Means*, 787 F. App'x at 1001. Accordingly, *Apprendi* is not retroactive in First Step Act determinations.[5]

The Eleventh Circuit in *Means* also explained that the while the First Step Act did reduce the mandatory minimum sentence a career offender would receive (from life to twenty-five years), "the First Step Act made clear that its changes to the mandatory sentence of a defendant with two prior felony convictions did not apply retroactively to defendants sentenced prior to December 21, 2018." *Means*, 787 F. App'x at 1001. Thus, in this case, because the Defendant was sentenced as a career offender in 1998, well before December 21, 2018, his mandatory minimum sentence of life imprisonment does not change following enactment of the First Step Act. *See* First Step Act § 401(c); *see also United States v. Barber*, No. 5:08cr39-RH, 2020 WL 373982, at *3 (N.D. Fla. Jan. 22, 2020) ("Even with two qualifying prior drug felony convictions, the minimum sentence for the same offense if committed today would be 25 years, not life. But Congress did not make

---

[4] On March 19, 1996, the district court dictated into the record its "attribution of drug quantities," where for purposes of sentencing it attributed to Means a quantity in excess of five kilograms of crack cocaine.

[5] In analyzing First Step Act motions, the Eleventh Circuit has refused to apply other subsequent changes in the law beyond those explicitly mandated in sections 2 and 3 the Fair Sentencing Act. For example, in *United States v. Carter*, No. 19-10918, 2019 WL 5295132 (11th Cir. Oct. 18, 2019) (unpublished), the Eleventh Circuit, in applying section 2 of the Fair Sentencing Act, refused to also apply *Burrage v. United States*, 571 U.S. 204 (2014), which held that the "death results" enhancement provision under 21 U.S.C. § 841(b) does not apply unless the drugs distributed by the defendant was a "but-for" cause of death. *Burrage*, 571 U.S. at 218-19. The Eleventh Circuit explained that the reason *Burrage* was not retroactive was because "[t]he language of the [the First Step Act] does not expressly provide for the retroactive application of other changes in law. The statute's express statement that sections 2 and 3 of the Fair Sentencing Act are to be applied retroactively indicates that Congress did not intend that other changes in law should similarly be applied as if they were in effect at the time of the offense." *Carter*, 2019 WL 5295132, at *4 (citations omitted). Clearly, the Eleventh Circuit in *Means* had the same limiting principles in mind when choosing not to apply *Apprendi* retroactively upon analyzing the defendant's First Step Act motion.

this change in the minimum sentence retroactive."); *Brown*, 2019 WL 6001890, at *3 ("The First Step Act does not lower defendant's Sentencing Guidelines range because that range was premised on defendant's career offender status, not the drug quantity.").

### III. CONCLUSION

Had the Fair Sentencing Act been in effect at the time of the Defendant's sentencing in 1998, the Court would still have imposed a mandatory minimum sentence of life given the amount of crack cocaine attributable to Defendant, as well as his prior felony drug convictions. The instant case, for all intents and purposes, is nearly indistinguishable to *Means*. Accordingly, it is

**ADJUDGED** that, based on the foregoing, the Defendant's Motion to Reduce Sentence Pursuant to the First Step Act is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this _14th_ of February 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record